UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ZIWEN LI,<br><br>               Plaintiff,<br><br>       v.<br><br>AMERICAN FAMILY MUTUAL INSURANCE COMPANY S.I. d/b/a CONNECT POWERED BY AMERICAN FAMILY INSURANCE and AMERICAN FAMILY CONNECT PROPERTY AND CASUALTY INSURANCE COMPANY f/k/a IDS PROPERTY CASUALTY INSURANCE COMPANY,<br><br>               Defendants. | CASE NO. 2:25-cv-01249-TL<br><br>ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT |

This matter is before the Court on Plaintiff Ziwen Li's "Motion for Partial Summary Judgment and Declaratory Relief to Enforce Underinsured Motorist Benefits." Dkt. No. 16. Having reviewed the motion, Defendants' response (Dkt. No. 20), Plaintiff's reply (Dkt. No. 24), and the relevant record, the Court DENIES the motion.[1]

---

[1] None of the Parties requested oral argument on the motion.

ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT – 1

## I.     BACKGROUND

### A.     Nomenclature

In this Order, the Court maintains the naming conventions that it established in its prior order: Defendant American Family Mutual Insurance Company S.I. d/b/a Connect Powered by American Family Insurance is "Defendant Connect"; and Defendant American Family Connect Property and Casualty Insurance Company f/k/a IDS Property Casualty Insurance Company is "Defendant American Family." *See* Dkt. No. 31 (Order on Motion to Dismiss) at 3.

### B.     Substantive and Procedural Background

The Court recited the factual and procedural background of this case in its prior order. *See id.* at 3–4. In short, on or about June 21, 2024, Plaintiff was rear-ended by an underinsured motor vehicle ("UIM")[2] in King County, Washington. Dkt. No. 1-2 (amended state-court complaint) ¶¶ 3.1, 3.3; Dkt. No. 12 (Plaintiff's Response to Motion to Dismiss) at 7. After the accident, during the adjustment of Plaintiff's casualty claim, Plaintiff asked Defendants to provide him with a copy of his UIM coverage waiver. Dkt. No. 1-2 ¶ 3.12. Defendants never provided the waiver. *Id.* ¶ 3.17. On February 19, 2025, Plaintiff filed an administrative complaint with the Washington State Office of the Insurance Commissioner (*id.* ¶ 3.18) and, after the Parties were unable to resolve the matter administratively, Plaintiff filed a civil action in state court.

//

//

---

[2] "An 'underinsured motor vehicle' is defined as a vehicle with insufficient insurance to compensate the plaintiff's damages[.]" *Hamilton v. Farmers Ins. Co. of Wash.*, 107 Wn.2d 721, 726, 733 P.2d 213 (1987). "The purpose of UIM coverage is to allow an injured party to recover those damages the injured party would have received had the responsible party been insured with liability limits as broad as the injured party's UIM limits." *Devaney v. Farmers Ins. Co.*, 134 Wn. App. 204, 207, 139 P.3d 352 (2006).

ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT – 2

The issue in this case is thus whether Plaintiff Ziwen Li sufficiently waived UIM coverage when he purchased auto insurance from Defendant American Family in 2019.[3] Plaintiff asserts that Defendants cannot prove that Plaintiff waived UIM coverage (Dkt. No. 16 at 5), while Defendants argue that they have produced evidence of such a waiver (*see* Dkt. No. 20 at 1–2).

On June 2, 2025, Plaintiff filed a civil action against Defendants in King County Superior Court, pleading six causes of action: breach of contract, bad faith, violations of the Washington Consumer Protection Act ("CPA"), violations of the Insurance Fair Conduct Act ("IFCA"), negligence, and declaratory judgment. Dkt. No. 1-1 (state-court complaint). On June 24, 2025, Plaintiff filed an amended complaint. Dkt. No. 1-2. On July 3, 2025, Defendants removed the case to federal court. Dkt. No. 1 (notice of removal).

On July 10, 2025, Defendant Connect moved to dismiss Plaintiff's claims against it, arguing that while Defendant American Family might be liable as Plaintiff's contracting insurer, Defendant Connect was not. Dkt. No. 10 (Motion to Dismiss). On June 18, 2026, the Court granted in part and denied in part Defendant Connect's motion and dismissed the breach of contract, CPA, and IFCA claims, as against Defendant Connect. *See* Dkt. No. 31 at 19. The Court did not dismiss any claims against Defendant American Family, nor did it dismiss Plaintiff's bad faith, negligence, and declaratory judgment claims against Defendant Connect. *See id.*

While Defendant Connect's motion to dismiss was pending, the Parties engaged in discovery, and on May 4, 2026, Plaintiff filed the instant motion for partial summary judgment.

---

[3] As the Court explained in its prior order, Defendant American Family is Plaintiff's contractual insurer. *See* Dkt. No. 31 at 8–9.

Dkt. No. 16. On May 26, 2026, Defendants responded (Dkt. No. 20), and on June 1, 2026, Plaintiff filed a reply brief (Dkt. No. 24).

## II.    LEGAL STANDARD

The Federal Rules of Civil Procedure "mandate[] the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). The inquiry at the summary judgment stage is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986).

The party moving for summary judgment must carry its burden of production by "either produc[ing] evidence negating an essential element of the nonmoving party's claim or defense or show[ing] that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). This showing must be made through evidence in the record. Fed. R. Civ. P. 56(c) (explaining the ways in which a "party asserting that a fact cannot be or is genuinely disputed must support the assertion"). Unless the burden of production is met, "the nonmoving party has no obligation to produce anything" to support its claims or defenses. *Nissan Fire*, 210 F.3d at 1103–04.

Courts do not make credibility determinations or weigh the evidence at this stage. *See Munden v. Stewart Title Guar. Co.*, 8 F.4th 1040, 1044 (9th Cir. 2021). They resolve factual issues in favor of a non-moving party, but "only in the sense that, where the facts specifically averred by that party contradict facts specifically averred by the movant, the motion must be

ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT – 4

denied." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). Conclusory, non-specific affidavits are insufficient, and "missing facts" are not to be presumed. *Id.* at 889. Further, uncorroborated and self-serving testimony does not create a genuine issue of fact. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002).

### III.    DISCUSSION

### A.    Defendants' Request for Partial Summary Judgment

Beyond requesting that the Court deny Plaintiff's motion, Defendants also "specifically request this Court issue a Partial Summary Judgment Order that Plaintiff rejected Underinsured Motorist ('UIM') coverage." Dkt. No. 20 at 1. The Court rejects this request out of hand. Defendants have merely opposed Plaintiff's motion; they have not filed a cross-motion for summary judgment. Thus, to the extent that Defendants affirmatively seek relief in their opposition brief, such a request is procedurally improper. *See* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion."); *Smith v. Premiere Valet Servs., Inc.*, No. C19-9888, 2020 WL 7034346, at *14 (C.D. Cal. Aug. 4, 2020) ("[A] request for affirmative relief is not proper when raised for the first time in an opposition.") (collecting cases).

### B.    Plaintiff's Motion for Partial Summary Judgment

"Whether Plaintiff . . . is entitled to UIM coverage is the sole issue addressed in" Plaintiff's motion for partial summary judgment. Dkt. No. 16 at 12. Plaintiff's position is that the record undisputedly demonstrates that he is entitled to such coverage as a matter of law and is, therefore, entitled to summary judgment and declaratory relief on the issue. *See id.* at 16. The Court disagrees.

#### 1.    Waiver of UIM Coverage: Regulatory Requirements

Washington law mandates that UIM coverage be included in an automobile insurance policy, unless the insured affirmatively waives such coverage in accordance with certain

regulatory requirements. WAC 284-20-300(2)–(3); *see Clements v. Travelers Indem. Co.*, 121 Wn.2d 243, 256, 850 P.2d 1298 (1993); *Torgerson v. State Farm Mut. Auto. Ins. Co.*, 91 Wn. App. 952, 957, 957 P.2d 1283 (1998) (citing RCW 48.22.030(3)). If these requirements are not strictly adhered to, then any purported waiver is invalid and UIM coverage is statutorily included in the insurance policy. RCW 48.22.030(2)–(4); *see, e.g.*, *Schmieder v. Safeco Ins. Co. of Ill.*, No. C15-1986, 2016 WL 8710028, at *2 (W.D. Wash. July 29, 2016).

The Washington Administrative Code presents two methods by which an insurer might memorialize an insured's decision to waive UIM coverage. WAC 284-20-300(3) contemplates a "written rejection" that is signed by the insured. "Prominent[ly] placed" above the insured's signature, the record must include the following statement in boldface type:

> In order to provide for an informed decision of the potential consequences of rejecting underinsured motorist coverage; the undersigned acknowledges that by rejecting underinsured motorist coverage there is exposure to the risk of not being sufficiently insured for injury and/or damages when involved in an accident with a driver of an underinsured vehicle.

Alternatively, under WAC 284-20-300(4), "Insurers may use electronic forms, electronic signatures and electronic attestations, in accordance with 15 U.S.C. Sec. 7001, to comply with this rule. The insurer must maintain an auditable compliance record and provide this information to the commissioner upon request."[4]

---

[4] 15 U.S.C. § 7001 is the first section of the Electronic Signatures in Global and National Commerce Act ("E-SIGN Act"), Pub. L. No. 106-229, 114 Stat. 464 (2000). The E-SIGN Act "provides that in 'any transaction in or affecting interstate or foreign commerce,' a 'signature, contract, or other record relating to such transaction may not be denied legal effect . . . solely because an electronic signature or electronic record was used in its formation.'" *Apprio, Inc. v. Zaccari*, 104 F.4th 897, 907 (D.C. Cir. 2024) (quoting 15 U.S.C. § 7001(a)).

ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT – 6

**2.          Whether Plaintiff Waived UIM Coverage**

Here, the record clearly indicates that the written waiver described in WAC 284-20-300(3) does not exist. Defendants concede as much in their opposition brief, agreeing with Plaintiff that Plaintiff "didn't sign anything" and conceding that Plaintiff never "put pen to paper or stylus to touch-screen." Dkt. No. 20 at 3. The question, then, is whether Defendants complied with the regulation electronically, by capturing the waiver "in accordance with 15 U.S.C. Sec. 7001." WAC 284-20-300(4). More relevant to the instant motion, the issue is whether the Court, on the record before it, can definitively answer that question as a matter of law.

Plaintiff does Defendants' work for them, presenting assertions and argument that are fatal to his motion. Plaintiff has things backward where he asserts that Defendants "cannot meet their burden under Rule 56." Dkt. No. 24 at 14. This is Plaintiff's motion, after all, and the burden belongs to him. In his reply brief, Plaintiff asserts, "Defendants ask the Court to bridge critical evidentiary gaps with reconstructed data, layered inferences, and post hoc technical explanations created for this litigation." *Id.* But simply put, where there are "evidentiary gaps," let alone *critical* evidentiary gaps, summary judgment is not appropriate. *See, e.g.*, *Wailehua v. UPS Supply Chain Sols., Inc.*, No. C22-280, 2024 WL 2319991, at *2 (D. Haw. May 22, 2024) ("After all, at the summary judgment stage, the Court is required to construe evidence, and gaps in evidence, in the non-moving party's favor[.]"); *Mariano v. City of Las Vegas*, No. C18-1911, 2021 WL 3709229, at *2 (D. Nev. Aug. 20, 2021) (finding summary judgment "unworkable" given "significant gaps in the evidence"). Plaintiff is correct that, substantively, it is the Insurer–Defendants' ultimate burden at trial to demonstrate that Plaintiff waived UIM coverage. *See* Dkt. No. 24 at 14; *Miller v. Kenny*, 180 Wn. App. 772, 806, 325 P.3d 278 (2014). Procedurally, however, on a motion for summary judgment, it is Plaintiff—the movant here—who must demonstrate that there are no genuine disputes as to any material fact. *See* Fed. R. Civ. P. 56(a);

ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT – 7

*Celotex*, 477 U.S. at 328 (White, J., concurring) ("[T]he movant must discharge the burden the Rules place upon him[.]"). Plaintiff has failed to do so.

In opposing Plaintiff's motion, Defendants aver facts that specifically contradict facts averred by Plaintiff. This is generally a deathblow to a motion for summary judgment. *See Lujan*, 497 U.S. at 888. Defendants point to data associated with Plaintiff's 2019 purchase of insurance that indicate Plaintiff's contemporaneous rejection of UIM coverage. Specifically, Plaintiff's "E-Signature Information" references "document ID 147," which "is for the form for rejecting UIM coverages in Washington State." Dkt. No. 20 at 4 (citing Dkt. No. 22 (Throne Decl.) ¶ 7). This datum "was created at the time of [Plaintiff's] application for auto insurance in November 2019, the information therein generated by the inputs and selections made by [Plaintiff] while proceeding through the application process." Dkt. No. 22 ¶ 6. That is, the evidence demonstrates that when Plaintiff purchased insurance in November 2019, he electronically completed and signed a form indicating his waiver of UIM coverage.

Plaintiff objects to such data as "archived" and contends the data are invalid "recreat[ions]." Dkt. No. 24 at 8. These objections are unavailing, however, because *all* data are archived, and *any* presentation of data is necessarily a recreation. The 16 embossed digits on a Mastercard are no less a representation of the cardholder's account number than the enciphered binary code embedded in the credit card's electronic chip, or the cardholder's oral recitation of the number from memory. The *datum*, that is—the account number itself—was created upon the creation of the account. The passage of time does not spoil or corrupt it, and it can be represented via multiple media. In this case, then, Defendants have proffered evidence that contradicts Plaintiff's assertion that "no compliant [UIM] waiver exists[.]" Dkt. No. 24 at 4.

For his part, Plaintiff argues in his reply brief that "[t]he issue is not whether an electronic signature can be valid, but whether Defendants can prove that Plaintiff executed or

ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT – 8

adopted the alleged signature with the intent required by 15 U.S.C. § 7001 . . . .” Dkt. No. 24 at 10–11. That is, to be sure, the issue at trial. But it is not the issue here, at summary judgment.[5] As the nonmoving party, Defendants are not obliged to “prove” anything. Rather, Defendants need only demonstrate plausibly that they *could* prove something at trial. *See Healy v. Milliman, Inc.*, 164 F.4th 701, 710 (9th Cir. 2026) (holding that nonmovant “merely needed to produce enough evidence at summary judgment that a rational trier of fact ‘could’ reasonably infer that” his case had merit) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986)).

Moreover, in challenging Defendants’ presentation of data, Plaintiff only raises more questions of fact that the Court cannot resolve here. For example, Plaintiff asserts that “Defendants’ evidence shows only that the name ‘ziwen li’ appears in application data; it does not establish who entered the name or that Plaintiff knowingly executed a rejection of UIM coverage.” Dkt. No. 24 at 11 (citing Dkt. No. 21 (Kastan Declaration) at 18 (Plaintiff’s Response to Interrogatory No. 16)). Plaintiff asserts further that he “does not recall signing anything during the application process or agreeing to waive coverage.” *Id*. Plaintiff’s recollection—or lack thereof—directly contradicts Defendants’ data, which indicate his contemporaneous waiver of coverage. It is, in other words, a tie score, and at this procedural posture, a tie goes to the nonmoving party without deliberation: “If the nonmoving party produces direct evidence of a

---

[5] Even if it were the issue here, Plaintiff has not established why the record that Defendants purport to be Plaintiff’s waiver is noncompliant with the E-SIGN Act. Plaintiff argues that Defendants have not “provided any auditable electronic record demonstrating that Plaintiff was presented with, and assented to, a compliant rejection.” Dkt. No. 16 at 18. But, as Defendants point out (*see* Dkt. No. 20 at 17), Plaintiff does not present the Court with any definition of “auditable electronic record,” nor does he provide any authority, beyond his own assertion, as to why Defendants’ evidence is not auditable and therefore not acceptable. What is more, as written in the regulation, the “auditability” requirement points toward an audit performed by the Insurance Commissioner, not the insured. *See* WAC 284-20-300(4) (“The insurer must maintain an auditable compliance record and provide this information to the commissioner upon request.”). Plaintiff does not say anything here about the impossibility of the Insurance Commissioner’s performance of an audit of Defendants’ record of the purported waiver of coverage.

ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT – 9

material fact, the court may not assess the credibility of this evidence nor weigh against it any conflicting evidence presented by the moving party." *Palos v. United States*, 800 F. Supp. 3d 1075, 1079 (C.D. Cal. 2025) (quoting *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987)).

Given the existence of genuine disputes of material fact here, neither summary judgment nor declaratory relief is appropriate.

### IV.   CONCLUSION

Accordingly, Plaintiff's motion for summary judgment and declaratory relief (Dkt. No. 16) is DENIED.

Dated this 26th day of June 2026.

Tana Lin
United States District Judge